IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SUSAN MARCOS-CHAVELA,

                    Plaintiff,

        v.

LSDAS; SEATTLE UNIVERSITY
LAW SCHOOL; WASBY UNIVERSITY
LAW SCHOOL; and GEORGE
WASHINGTON UNIVERSITY,

                    Defendants.

No. 3:19-cv-01000-HZ

OPINION & ORDER

HERNÁNDEZ, District Judge:

        Pro se Plaintiff Susan Marcos-Chavela brings this action against Defendants LSDAS,

Seattle University Law School, Wasby University Law School, and George Washington

University. Plaintiff moves to proceed *in forma pauperis* [2]. Because Plaintiff has minimal

income and assets, the Court grants the motion. However, for the reasons explained below, the

Court dismisses the Complaint [1] with prejudice.

# STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

# DISCUSSION

Plaintiff appears to believe that a Jewish conspiracy is preventing her from entering law school.[1] Specifically, Plaintiff claims that she has experienced maltreatment and

---

[1] Though Plaintiff alleges that the basis of jurisdiction in this case is federal, she has not provided the Court with any federal statute, treaty, or provision of the Constitution at issue in this case. *See* Compl. 3. However, Plaintiff is a citizen of Oregon; Defendants appear to be citizens of Washington, New Jersey, Kansas, and Washington D.C.; and the amount in controversy is

"[d]iscrimination as a Roman Catholic" in applying to law schools, which she emphasizes have predominantly Jewish faculty. Compl. 4. Plaintiff alleges that there is a "Jew test" that provides special testing conditions for Jewish test-takers. Compl. 3. She asserts that this discrimination in admissions is based on religion and a "Jewish Agenda v. gentiles." Compl. 3. She further alleges that "[o]ver 300 Jewish students admitted to law schools with [her] credentials – [she] was denied." Compl. at 2. Plaintiff seeks relief in the form of ten million dollars in damages, "No Jew Test execution," "No Jews in authority," "Roman Catholic Church," "Roman Catholic School," and "Roman Catholic Ministries." Compl. 4. In her civil cover sheet, Plaintiff further describes her cause as "Organized 'Rigged' Testing by Jewish Yeshivat Israel to purposely support with fraud Jewish law students with discrimination." Compl. Att. 1, ECF 1-1.

The Court finds that these allegations do not give rise to a claim upon which relief can be granted and that this action is frivolous. Because Plaintiff's allegations here are so patently frivolous, the Court dismisses the Complaint with prejudice.

## CONCLUSION

Plaintiff's application for leave to proceed IFP [2] is granted. Plaintiff's Complaint [1] is dismissed with prejudice.

IT IS SO ORDERED.

Dated this _____ 10 _____ day of _____ JULY _____, 2019.


_____
MARCO A. HERNÁNDEZ
United States District Judge

---

$10,000,000. Compl. 2, 4. Accordingly, the Court likely has diversity jurisdiction. *See* 28 U.S.C. § 1332(a).